ROGERS, Circuit Judge, concurring.
CONCURRENCE
I concur in full. However, with respect to the plaintiffs' standing for their damages claims, I would frame the analysis a little differently. In any event, none of the damage suits may proceed anyway because of sovereign or qualified immunity, as the majority opinion explains.
Most Article III standing analysis deals with whether a plaintiff has standing to seek injunctive or declaratory relief. If a plaintiff sues to stop government illegality, the allegedly illegal government action must adversely affect the plaintiff, not someone else or the public at large. Otherwise, the federal courts would serve as a council of review for the constitutionality and legality of government actions. It is the power to resolve cases or controversies-and only that power-that gives the courts the power under Marbury v. Madison to review the constitutionality and legality of government actions.
Damage suits are almost always cases or controversies because the relief sought, if granted, will inherently help the plaintiff. In contrast, a suit for injunctive relief against a government official is not a case or controversy if the injunctive relief sought does not benefit the plaintiff in particular. That is the thrust of cases like Lujan v. Defenders of Wildlife , 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In contrast, a plaintiff who wins a damages suit will inherently get relief that inures specially to the plaintiff. Thus a damages suit generally constitutes a case or controversy, even if the suit is frivolous, and even if the underlying cause of action (negligence, for instance) turns out to fail for lack of causation or injury. There is standing because if the plaintiff gets the relief sought, in the form of an award of court-ordered money damages to the plaintiff, the relief would benefit the plaintiff in particular.
Thus a money damages suit is generally an Article III case or controversy. The only exception is when Congress seeks unduly to circumvent the very separation-of-powers principle inherent in the case-or-controversy requirement itself. Congress might try to do so by creating a damages cause of action for the violation of a right that is merely a right to have the government obey some law, regardless of whom that law benefits. A statute creating such a "bounty" for getting the government to obey the law unconstitutionally circumvents the separation-of-powers principle described above. "[A]n interest that is merely a 'byproduct' of the suit itself cannot give rise to a cognizable injury in fact for Article III standing purposes." Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens , 529 U.S. 765, 773, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). In Vermont Agency , the Court provided the example of Steel Co. v. Citizens for a Better Environment , 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), where the Court explained that "a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit." Id. at 107, 118 S.Ct. 1003. Spokeo is best understood in this light. See Spokeo, Inc. v. Robins , --- U.S. ----, 136 S. Ct. 1540, 194 L.Ed.2d 635 (2016).
The damages claims in this case are cases or controversies because the plaintiffs, *427 if successful, would be awarded compensation. Further, this is not a case where Congress has sought to circumvent Article III through something like a "bounty" for bringing suit to protect other people or the public at large. That is enough to conclude that the damages claims in this case meet the Article III standing requirement.